CRAIG P. FAGAN, State Bar No. 149556
LAW OFFICES OF CRAIG P. FAGAN
7863 La Mesa Boulevard., Suite 101
La Mesa, CA 91942
Telephone: (619) 741-1735
Facsimile: (619) 741-4758
email: cpfagan@faganlegal.com

Attorneys for all Plaintiffs Christina Gonzalez
and Ignacio C. Gonzalez

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA GONZALEZ, an individual, IGNACIO C. GONZALEZ, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>CAVALRY PORTFOLIO SERVICES, LLC, a Delaware Corporation, aka CALVARY SPV I, LLC; and DOES 1-10, Inclusive,<br><br>Defendants. | CV10 1876 'MAN<br><br>**COMPLAINT FOR MONETARY RELIEF; DEMAND FOR TRIAL BY JURY** |

**COMES NOW** Plaintiff Christina Gonzalez formerly known as Christina Carter and Ignacio C. Gonzalez ("Plaintiffs") and alleges as follows:

COMPLAINT

1

# I. INTRODUCTION

1. This is an action for damages brought by an individual consumer against Defendants for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* ("FDCPA") and the California Rosenthal Act, Civil Code §1788 *et seq.* ("Rosenthal Act") both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

# II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1337. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367. Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

# III. PARTIES

3. Plaintiff Christina Gonzalez is a natural person residing in Rowland Heights, Los Angeles County, California. Plaintiff Ignacio C. Gonzalez is a natural person residing in Rowland Heights, Los Angeles County, California. All of the actions listed herein below took place in Rowland Heights, Los Angeles County, California and in Whittier, Los Angeles County, California.

4. Defendant Cavalry Portfolio Services, LLC, is a Delaware, Corporation, with a principal place of business in Phoenix, AZ aka Cavalry SPV I, LLC (hereinafter "Defendant") is a Debt Collection Agency.

5. Defendants Does 1 through 10 are entities or individuals who contributed

to or participated in, or authorized the acts or conspired with the other Defendants to commit the acts and do the things complained of which caused the injuries and damages to Plaintiffs as set forth below. Each of the parties, named and fictitious (i.e. DOES), acted as principal and agent, each of the other, and combined and concurred each with the other in committing the acts that injured Plaintiff. When the true names of the DOE Defendants are ascertained they will be substituted in.

6. Defendants are engaged in the collection of debts from consumers using the mail and telephone. Defendants regularly attempt to collect consumer debts alleged to be due to another. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. §1692a(6), and by the Rosenthal Act, California Civil Code 1788.2(c).

7. The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of Defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names. Plaintiffs are informed and believe, and alleges that each Defendants designated as a DOE is involved in or is in some manner responsible as a principal, beneficiary, agent, co-conspirator, joint venturer, alter ego, third party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to Plaintiff. Plaintiffs request that when the true names and capacities of these DOE Defendants are ascertained, they may be inserted in all subsequent proceedings, and that this action may proceed against them under their true names.

8. Plaintiffs are "consumers" as defined by the FDCPA, 15 U.S.C. 1692a(3).

9. The purported debt that Defendant attempted to collect from Plaintiffs was

COMPLAINT

3

a "debt" as defined by the FDCPA, 15 U.S.C. §1692a(5).

10. Plaintiffs are "debtors" as defined by the Rosenthal Act, California Civil Code 1788.2(h).

11. The purported debt which Defendant attempted to collect from Plaintiffs was a "consumer debt" as defined by the Rosenthal Act, California Civil Code §1788.2(f).

## IV. FACTUAL ALLEGATIONS

12. On or about May 1, 2008, Defendant Cavalry Portfolio Services, LLC aka Cavalry SPV I, LLC (hereinafter Defendant) contacted Plaintiff Christina Gonzalez about a debt that was allegedly owed. At that time, Defendant informed Ms. Gonzalez that she was delinquent on a car loan that she had obtained through Navy Federal Credit Union to purchase a Volkswagen Bug (hereinafter "the debt"). Ms Gonzalez informed Defendant that she had never purchased such a vehicle and that she had fully paid off the only car she had ever purchased, a Honda Accord. After Ms. Gonzalez had paid off the Honda, Navy Credit had given her the pink slip to the car. In short, Ms. Gonzalez informed Defendant that she did not owe the debt.

13. Thereafter, on or about May 2, 2008, Defendant again contacted Ms. Gonzalez, and insisted that she owed the debt. Ms. Gonzalez reaffirmed that she did not owe the debt, and asked for proof that she owed the debt. Defendant refused to provide the requested information.

COMPLAINT

4

14. Starting May 3, 2008, up until on or about November 1, 2009, Defendant began a pattern of harassment against Ms. Gonzalez and her husband, Plaintiff Ignacio C. Gonzalez. During this time, Defendant incessantly called Plaintiffs at their home in Rowland Heights, California, on their cell phones, and to Ms. Gonzalez's work. During this time period, Defendant called Plaintiffs on a nearly-daily basis, sometimes many times in the same day, about the debt.

15. When Defendant called Ms. Gonzalez at work, she told them to stop calling her because he company did not allow such phone calls. Defendant ignored this request and continued to call Ms. Gonzalez at work about the debt. Ms. Gonzalez worked in Whittier, California.

16. At all times between May 1, 2008 until November 1, 2009, Plaintiffs repeatedly told Defendant to stop calling them about the debt but Defendant ignored the request. During this same time period, Defendant spoke to the parents of Mr. Gonzalez, and disclosed to them the substance of the debt, and disclosed that Ms. Gonzalez allegedly owed the debt. During this same time period, Defendant also spoke to the sister and brother-in-law of Mr. Gonzalez, and disclosed to them the substance of the debt, and disclosed that Ms. Gonzalez allegedly owed the debt. Finally, during this same time period, Defendant spoke to the aunt of Mr. Gonzalez, and disclosed to her the substance of the debt, and disclosed that Ms. Gonzalez allegedly owed the debt.

17. Beginning on or about November 1, 2008 until November 1, 2009, Defendant made it a weekly practice to make a request on Ms. Gonzalez's credit report, such that her credit report showed that Defendant was making multiple inquiries upon behalf of Ms. Gonzalez, thus harming her credit rating.

18. On or about November 1, 2009, Defendant filed a lawsuit against Plaintiff Christina Gonzalez, in Los Angeles Superior Court, Case No. 09B05398 (hereinafter "the lawsuit"), in an attempt to recover money on the debt. The lawsuit listed Ms. Gonzalez as a defendant under her maiden name, Christina Carter. The lawsuit was never properly served upon Ms. Gonzalez. Nonetheless, on December 9, 2009, Defendant obtained a default judgment against Ms. Gonzalez in the amount of $15,039.88. Thereafter, on or about February 24, 2010, Defendant served a writ of execution upon Plaintiffs' bank. On that date, the Los Angeles County Sheriff served a copy of the write of execution upon Ms. Gonzalez. This is the first time that Ms. Gonzalez had heard about the lawsuit. From this writ, Defendant obtained about $22 from Ms. Gonzalez's account.

19. The conduct of Defendant caused Plaintiffs to suffer severe emotional distress, strain, stress, fear, worry, anxiety, embarrassment, humiliation, and to suffer physical pains, such as stress, tension, aches, pains, loss of sleep, and headaches.

20. Defendant's actions caused Plaintiffs to suffer extreme emotional and physical distress, as well as humiliation and embarrassment. To this end, Plaintiffs suffered stomach problems, nausea, stress, tension, fear, anxiety, panic attacks, as well as emotional trauma.

## V.

## FIRST CLAIM FOR RELIEF

### (As against Defendants for Violation of the FDCPA)

21. Plaintiffs repeat, reallege and incorporate by reference all of the foregoing paragraphs.

22. All Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

 (a) The Defendants violated 15 U.S.C. § 1692b(2) by communicating with persons other than Plaintiff Christina Gonzalez and stating that Plaintiff Christina Gonzalez owes the alleged debt;

 (b) The Defendants violated 15 U.S.C. § 1692b(3) by communicating with persons other than the Plaintiffs and contacting that person more than once;

 (c) The Defendants violated 15 U.S.C. § 1692c(b) by communicating with a third person in connection with the collection of a debt;

 (d) The Defendants violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, and abuse persons in connection with the collection of the alleged debt;

 (e) The Defendants violated 15 U.S.C. § 1692d(5) by causing the phone to ring or engaging a person in telephone conversations repeatedly with the intent to harass, oppress, and abuse the Plaintiffs in connection with the collection of the Debt;

(f) The Defendants violated 15 U.S.C. § 1692e by using false, deceptive, and misleading representations or means in connection with the collection of a debt by filing the lawsuit;

(g) The Defendants violated 15 U.S.C. § 1692e(5) by threatening to take action that could not legally be taken or that was not intended to be taken;

(h) The Defendants violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect a debt;

(I) The Defendants violated 15 U.S.C. § 1692f(1) by attempting to collect an amount not authorized by the agreement that created the debt or permitted by law;

(j) The Defendants violated 15 U.S.C. § 1692c(a)(3) by contacting Plaintiff Christina Gonzalez at her place of employment after being told that Plaintiff was not allowed to receive calls at work, or that Defendants knew or had reason to know that the Plaintiff's employer prohibited such communication.

23. As a result of the above violations of the FDCPA, Defendants are liable to the Plaintiffs for Plaintiffs' actual damages, statutory damages, and attorney's fees and costs pursuant to 15 U.S.C. §1692k.

## SECOND CAUSE OF ACTION

**(Against all Defendants for Violation of the Rosenthal Act)**

24. Plaintiffs repeat, reallege, and incorporate by reference all of the foregoing paragraphs.

COMPLAINT

8

25. Defendants violated the Rosenthal Act, by including but not limited to, the following:

    (a) The Defendants violated California Civil Code §1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called;

    (b) The Defendants violated California Civil Code §1788.11(e) by communicating with the Plaintiffs with such frequency as to be unreasonable and to constitute an harassment to the Plaintiffs under the circumstances;

    (c) Defendants violated California Civil Code §1788.17 by failing to comply with the FDCPA as alleged above;

26. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiffs to pay the debt.

27. As a proximate result of Defendants' violations enumerated above, Plaintiffs have been damaged in amounts which are subject to proof.

28. Defendants' violations of the Rosenthal Act were willful and knowing. Defendants are therefore liable to Plaintiffs for a declaratory judgment that Defendants' conduct violated the Rosenthal Act and Plaintiff's actual damages, statutory damages, punitive damages, and attorney's fees and costs pursuant to California Civil Code §1788.30.

## THIRD CAUSE OF ACTION

## (Against all Defendants for Invasion of Privacy:

## Intrusion Into Private Affairs And Public Disclosure of Private Facts)

29. Plaintiffs repeat, reallege, and incorporate by reference all of the foregoing paragraphs.

30. Plaintiffs had a reasonable expectation of privacy in their solitude, seclusion, and private concerns and affairs.

31. Defendants willfully and intentionally intruded into Plaintiffs' solitude, seclusion and private affairs by repeatedly and unlawfully attempting to collect the debt.

32. Defendants willfully and intentionally intruded into Plaintiff's solitude, seclusion and private affairs by publicly disclosing private facts regarding Plaintiffs.

33. Defendants' intrusions would be highly offensive to a reasonable person and did in fact offend Plaintiffs.

34. As a result of such invasions of privacy, Plaintiffs were harmed and caused great mental and physical pain.

35. Defendants acted with oppression, fraud or malice, and Defendants are therefore liable to Plaintiffs for damages in an amount to be proven at trial, and for punitive damages.

\* \* \*

\* \* \*

\* \* \*

COMPLAINT

## VI.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests that judgment be entered against Defendants and each of them for the following:

(a) Actual damages;

(b) Statutory damages pursuant to 15 U.S.C. §1692k and/or California Civil Code §1788.30(a);

(c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k and/or California Civil Code §1788.30(b) and §1788.30(c);

(d) Declaratory judgment that Defendants' conduct violated the Rosenthal Act;

(e) For punitive damages; and

(f) For such other and further relief as the Court may deem just and proper.

Date: March 15, 2010

_____
Craig P. Fagan,
Attorney for Plaintiffs

COMPLAINT

11

## VIII.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiff hereby requests a trial by jury.

Dated: March 15, 2010

LAW OFFICES OF CRAIG P. FAGAN

By: _____
Craig P. Fagan
Attorneys for Plaintiffs